**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.:

CAMILO PRADO,

    Plaintiff,

v.

BAXTER HEALTHCARE CORPORATION

    Defendant.

_____/

## COMPLAINT

Plaintiff, CAMILO PRADO ("PRADO"), by counsel, sues Defendant, BAXTER HEALTHCARE CORPORATION  ("BAXTER ) and as grounds states as follows:

### PARTIES

1. PRADO, is an individual, of Hispanic ethnicity residing in Broward County and an "employee" as defined by and within the meaning of the Age Discrimination in Employment Act ("ADEA") and Title VII of the 1991 Civil Rights Act.

2. Defendant, BAXTER is a foreign corporation doing business within the State of Florida and Broward County, and an "employer" within the meaning of the ADEA

3. This action is brought pursuant to the provisions of the Age Discrimination in Employment Act, Title VII of the 1991 Civil Rights Act and under 42 United States Code §1981.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this Complaint and this cause pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights) .

5. Supplemental jurisdiction is invoked as to state law claims, namely claims under the Florida Civil Rights Act.

6. Venue is properly within the Southern District of Florida, as all of the events giving ris to this claim occurred within this judicial district.

## CONDITIONS PRECEDENT

7. On or about January 29, 2020, PRADO filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

8. PRADO has received a right to sue on the ADEA and Title VII race discrimination claims in late August, 2020.

9. The FCHR failed to make a "no cause" determination within 180 days of the filing of the Charge of Discrimination.

## GENERAL ALLEGATIONS

10. Plaintiff was born in 1971 and is presently forty nine years old. He was forty eight years old at the time of his termination.

11. Plaintiff is a Hispanic male and has been employed at the BAXTER since February 2017 as a territory sales manager.

12. Plaintiff was the best performing sales manager in the region at the time of his termination.

13. Plaintiff had been successfully performing both the Territory Manager/Clinical consultant role for almost two years without any additional support/compensation.

14. Plaintiff's territory was the only territory in the country without the support of a dedicated clinical consultant

15. Plaintiff was consistently denied additional "clinical consultant" support.

16. Plaintiff was told that his position was eliminated as his territory was being merged into the North Florida territory.

17. In reality shortly before his termination in January, 2020 BAXTER hired a 'clinical consultant" for PRADO's territory.

18. PRADO was directed to create a detailed annual business plan, bring new hire up to speed on all account strategies and instructed to introduce her to all clients.

19. The consultant has since assumed most of Plaintiff's duties even though she lacks the clinical or extensive sales experience of plaintiff.

20. The consultant is substantially younger than PRADO.

21. Additionally to the extent the territories were merged as BAXTER has claimed, the North Florida territory business manager, is not Hispanic and is substantially younger, meaning more than three years younger than Plaintiff.

22. His overall performance has been poor and he has been much less successful.

## COUNT I

## AGE DISCRIMINATION

23. Plaintiff readopts and realleges paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff was discriminated on the basis of his age in favor of two substantially younger employees, the "consultant" and the North Florida Territory Manager.

25. Each of the above was substantially younger than Plaintiff and each was less qualified.

3

26. Consequently the Defendant violated the Age Discrimination in Employment Act as well as the Florida Civil Rights Act which prohibits discrimination in employment on the basis of age.

WHEREFORE Plaintiff requests the following relief:

a. Entry of judgment for economic and liquidated damages against the Defendant BAXTER

b. Entry of judgment for economic, compensatory and punitive damages under the Florida Civil Rights Act.

c. Declare that BAXTER engaged in unlawful age discrimination

d. Require BAXTER to provide Plaintiff with full backpay and as well reinstatement.

e. In lieu of reinstatement award Plaintiff front pay together with retirement benefits, accrued and to be accrued,

f. Award costs, interest and attorneys' fees; and

g. Such other and further relief as may be deemed just and proper.

## COUNT II
## RACE DISCRIMINATION

24. Plaintiff readopts and realleges paragraphs 1 through 22 as if fully set forth herein.

22. Plaintiff was discriminated on the basis of his race in favor of the North Florida Territory manager was was not Hispanic.

WHEREFORE Plaintiff requests the following relief:

a. Entry of judgment for economic compensatory and punitive damages against the Defendant BAXTER under Title VII, the FC, RA and §1981.

b. Declare that BAXTER engaged in unlawful race discrimination

c. Require BAXTER to provide Plaintiff with full backpay and as well reinstatement.

4

   d. In lieu of reinstatement award Plaintiff front pay together with retirement benefits, accrued and to be accrued,

  e. Award costs, interest and attorneys' fees; and

  f. Such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com

**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 641-3441